UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM DINSLAGE,<br><br>        Plaintiff,<br><br>    v.<br><br>ARB GAMING, LLC,<br><br>        Defendant. | Case No. 25-cv-02562-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

    The motion to remand is granted.

    Dinslage claims that ARB Gaming is violating California's UCL and CLRA by operating an illegal gaming website. He seeks an injunction enjoining ARB from operating the website in California. Because this type of injunction would have the "primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public," the parties agree that he is seeking a public injunction. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017).

    Dinslage argues that this case should be remanded to state court because he does not allege future injury from use of ARB's website and so there are no allegations supporting Article III standing for injunctive relief in federal court. *See Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). Dinslage alleges that he has a gambling addiction and is a former user of ARB's website who lost money gambling on the website. But he does not allege any intent to return to ARB's website. Indeed, ARB acknowledges that it has shut down his account, and says the only way he could return to the website would be if he violated the website's Terms and Conditions by making a new account. ARB Gaming's Opposition Brief, Dkt. No. 17, at 6 n.3.

    ARB argues that because Dinslage has alleged that he has a gambling addiction and has

not offered any affirmative proof that he would not revisit its website in light of that, the Court should infer that Dinslage will return to ARB's website and find there is a threat of future injury sufficient for standing to seek injunctive relief. But not only would accepting ARB's argument force the Court to infer that Dinslage's addiction makes him unable to stop using ARB's website, as opposed to any other gambling option, the Court would also have to conclude that the urge to use ARB's website is so strong that Dinslage would violate ARB's Terms and Conditions to make another account and use the website. It would be inappropriate to engage in this sort of speculation. There is no standing to seek injunctive relief, and it's not a close question. *Contra Boyle v. Yellow Social Interactive Ltd.*, No. 8:25-CV-00063, 2025 WL 885101, at *2 (C.D. Cal. Mar. 20, 2025) (holding that a lack of allegation that a plaintiff with a gambling addiction would *not* revisit a specific gambling website is sufficient to find an "actual or imminent" risk of future injury by the site).

      ARB also argues that if Dinslage does not have standing to seek a public injunction in federal court, then the case should be dismissed instead of remanded because Dinslage would not have standing in state court either, so remand would be futile. But California law does not appear to require allegations of future injury when a plaintiff is seeking a public injunction for unfair competition. ARB is correct that public injunctions under the UCL cannot be purely representative—instead, the plaintiff must have "suffered injury in fact and [ ] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see Kwikset Corporation v. Superior Court*, 51 Cal. 4th 310, 320–21 (2011). And the text of the ballot initiative that established this standing requirement made clear that some of the federal requirements for standing were to be imported into the analysis. Prop. 64, § 1(e) ("It is the intent of the California voters in enacting this act to prohibit private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact under the standing requirements of the United States Constitution."). But even when a plaintiff is seeking injunctive relief, California courts have only required past injury in fact, i.e., that the plaintiff have lost money or property. *See Kwikset*, 51 Cal. 4th at 321 ("While the voters clearly intended to restrict

UCL standing, they just as plainly preserved standing for those who *had* had business dealings with a defendant and had lost money or property as a result of the defendant's unfair business practices." (emphasis in original)). ARB cites no California state authority to the contrary.

The Clerk is directed to remand the case to Napa Superior Court.

**IT IS SO ORDERED.**

Dated: May 16, 2025

VINCE CHHABRIA
United States District Judge